Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the deputy commissioner as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the deputy commissioner as
STIPULATIONS
1. On 6 May 1987, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer.
2. On 6 May 1987, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
3. An employment relationship existed between plaintiff and defendant-employer at the time of plaintiff's 6 May 1987 injury.
4. At the time of his injury, plaintiff's average weekly wage was $287.60.
5. Eighteen pages of plaintiff's medical records, marked as Stipulated Exhibit Number One are stipulated into evidence.
6. Defendants raise the provisions of N.C. Gen. Stat. § 97-24 in bar of plaintiff's claims.
***************
The Full Commission adopts the findings of fact found by the deputy commissioner and finds as follows
FINDINGS OF FACT
1. At the time of the hearing, plaintiff was an unmarried, forty-five year old man with two children. Plaintiff had a tenth grade education.
2. Plaintiff began his employment with defendant-employer in 1971. When he began working for defendant-employer, plaintiff worked as a buffer. On 6 May 1987, plaintiff was working for defendant-employer as a deck grinder when he slipped and fell against an unfinished stainless steel sink lacerating his left leg at the knee.
3. As a result of the laceration of his leg, plaintiff sought medical treatment at Southeastern General Hospital. After receiving ten sutures to close the laceration, plaintiff was released from the hospital. Thereafter, plaintiff experienced left leg pain and was restricted to light duty for three weeks.
4. On 25 August 1987, plaintiff was admitted to Southeastern General Hospital complaining of chest pain. Plaintiff's chest pain was diagnosed as pericarditis. Plaintiff was discharged from the hospital on 31 August 1987 after his chest pains had resolved.
5. The evidence of record is insufficient to prove by its greater weight that plaintiff's pericarditis resulted from his injury on 6 May 1987.
6. Plaintiff continued working for defendant-employer until 14 July 1988 when plaintiff resigned from his position with defendant-employer.
7. Plaintiff filed an Industrial Commission Form 18, Notice of Accident to Employer on 29 July 1993 (I.C. No. 353920). Plaintiff filed another Industrial Commission Form 18, Notice of Accident to Employer, on 23 August 1993 (I.C. No. 359858). Plaintiff did not file an Industrial Commission Form 18 within two years after 6 May 1987.
8. On 18 January 1994, plaintiff filed an Industrial Commission Form 33, Request that Claim be Assigned for Hearing. Plaintiff did not file an Industrial Commission Form 33 within two years after 6 May 1987.
9. Defendants paid the medical expenses incurred by plaintiff as the result of his injury by accident. There is no evidence of record that defendants induced plaintiff to delay filing a claim with the Industrial Commission for his injury on 6 May 1987.
**************
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Proper filing of a claim within two years after an accident is a condition precedent to jurisdiction by the North Carolina Industrial Commission. N.C. Gen. Stat. § 97-24.
2. Since plaintiff did not file a claim with the North Carolina Industrial Commission within the two year period prescribed by N.C. Gen. Stat. § 97-24, plaintiff is barred from receiving the right to compensation under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-24.
3. Defendants are not estopped to rely on N.C. Gen. Stat. §97-24 in bar of plaintiff's claims. N.C. Gen. Stat. § 97-24.
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby DISMISSED, for lack of jurisdiction.
2. Each side shall bear its own costs.
 S/ _________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ _________________________ LAURA K. MAVRETIC COMMISSIONER
S/ _________________________ COY M. VANCE COMMISSIONER
BSB:be